UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANE ROLLINSON<br>and DANIEL GREGORIE,<br><br>    Plaintiffs<br><br>    v.<br><br>BRIGHTON MARINE, INC., et al.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  2:16-cv-00447-LEW<br>)<br>)<br>)<br>) |

## ORDER ON MOTION TO UNSEAL

Jane Rollinson and Daniel Gregorie (collectively "Relators") brought this *qui tam* action against Defendants Brighton Marine Inc.; Christus Health, the Johns Hopkins Medical Services Corporation, Martin's Point Health Care, Inc., PacMed Clinics, and US Family Health Plan Alliance, Inc. (collectively "Defendants").[1] The United States intervened in this action on December 13, 2023. (Notice of Election to Intervene, ECF No. 84; Order, ECF No. 85.) Defendants move to unseal the docket filings made prior to the Government's intervention. (Motion, ECF No. 143.) The Government objects in part to the motion. (Response, ECF No. 151.)

Following a review of the relevant pleadings, and after consideration of the parties' arguments, the Court grants in part Defendants' motion.

---

[1] SVCMC, Inc., f/k/a Saint Vincents Catholic Medical Centers of New York, was also a defendant in this case. The case was stayed as to SVCMC on September 24, 2024. (Order, ECF No. 131.) SVCMC, Relators Jane Rollinson and Daniel Gregorie, and the United States jointly stipulated to voluntary dismissal of all claims brought against SVCMC on January 16, 2025. (Joint Stipulation, ECF No. 164.) SVCMC is not a party to the motion to unseal.

## BACKGROUND

The Relators filed this action on August 30, 2016, on behalf of the United States pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733.[2] (Complaint, ECF No. 2.) As required by the FCA, the complaint was filed under seal. 31 U.S.C. § 3730(b)(2). The FCA provides that the Government "may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* The Government may for good cause move to extend the period the complaint remains under seal while it investigates and decides whether to proceed with or decline the action. *Id.* § 3730(b)(2)–(4).

The Government filed, and the Court granted, multiple motions to extend the seal. The motions were filed under seal. On December 13, 2023, the Government filed a Notice of Election to Intervene and Request to Extend the Seal Period. Through this filing, the Government requested that the Government's complaint-in-intervention, the relators' complaint, the Government's Notice of Election to Intervene and Request to Extend the Seal Period, and all pleadings filed thereafter be unsealed upon the earlier of the Government filing its complaint-in-intervention or March 12, 2024. (Notice at 2.) The Government further asked that all pre-intervention filings remain under seal "because, in discussing the context and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and

---

[2] The FCA allows a private person to "bring a civil action for a violation of section 3729 for the person and for the United States Government. The case shall be brought in the name of the Government." 31 U.S.C. § 3730. Section 3729 establishes liability for any person who, among other things, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729.

time for an election to intervene should be extended." (*Id.*) The Court granted the Government's request and all pre-intervention filings, other than the Relators' complaint, remained under seal after the Government intervened. (Order at 2 ("All other papers in this action filed prior to December 13, 2023 shall remain sealed"), ECF No. 85.)

Defendants ask the Court to unseal all pre-intervention docket entries that have not yet been unsealed—docket number 1 and docket numbers 3 through 83. The Government consents to unsealing (a) the text of all docket entries; (b) orders issued by the Court; (c) filings made by or concerning relators; and (d) ministerial motions that do not discuss the substance of the government's investigation. The Government objects to unsealing the Government's motions to extend the seal and supporting memoranda (hereinafter "extension motions"). Alternatively, the Government asks that if the Court unseals some or all of the extension motions, the Court permit the Government to redact portions of the documents.

## DISCUSSION

**A.   The False Claims Act and Seal after Intervention**

Defendants argue the FCA does not authorize the continued seal of documents following the Government's intervention. The Government argues that the FCA contemplates that the extension motions could and should remain under seal.

Courts have arguably differed to some degree on the approach to the question of whether the seal of pre-intervention filings should continue after the Government intervenes. Some courts have suggested that upon the Government's intervention, the sealed documents should routinely be unsealed. *See United States ex rel. Brasher v. Pentec*

3

*Health Inc.*, 338 F. Supp. 3d 396, 403 (E.D. Penn. 2018) ("Clearly, the [FCA] does not condone the granting of extension requests routinely or that submissions in support thereof remain forever sealed."); *American Civil Liberties Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011) ("Following intervention, the complaint is unsealed, the docket is unsealed, and the United States serves the complaint on the defendant. . . ."). "[T]he majority of courts to address the issue, [however,] have found that '[i]n permitting *in camera* submissions, the statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties.'" *United States ex rel. Powell v. Aerocare Holdings, Inc.*, No. 3:18-CV-00286-BJB-CHL, 2022 WL 829497, at *4 (W.D. Ky. Mar. 18, 2022) (collecting cases) (quoting *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994)); *accord, e.g.*, *United States ex rel. Health Outcomes Tech. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 173 (D. Mass. 2004); *Mikes*, 846 F. Supp. at 23.

The majority position is logical, practical, and consistent with the language of the statute, which does not explicitly require or preclude the continued seal of the pre-intervention filings. The issue is whether in this case some of or all the sealed documents should be unsealed.

**B.     Common-law Right of Access**

This Court recently explained the relevant law and principles that govern the common law right of access to judicial records:

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In turn, "there is a strong common law presumption favoring public access to judicial proceedings and records." *In re Salem Suede, Inc.*, 268 F.3d 42, 45

(1st Cir. 2001). "This recognition is embodied in two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein."[3] *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)).

*United States ex rel. Ireland v. Eurovia Atl. Coast LLC*, No. 1:22-cv-00184-JAW, Order on Motion to Keep Extension Motions Sealed at 5, ECF No. 22 (D. Me. Aug. 12, 2024) (Woodcock, J.).

The Government argues that although there is a presumptive right of the public to access judicial documents, the presumption is overcome by the Government's interest in maintaining confidential the sensitive information contained in its extension motions.[4] When assessing the common-law right of access:

---

[3] Because the parties agree a common law right of access applies to the present case, the Court does not discuss whether the First Amendment applies to civil proceedings. *Cf. Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 20 (1st Cir. 2022) (finding that while "[n]either [the First Circuit] nor the Supreme Court has recognized any right under the First Amendment to access documents filed in civil cases," the parties agreed "that there is a qualified First Amendment right in the public to access newly filed complaints."). *But cf. United States ex rel. Ireland v. Eurovia Atl. Coast LLC*, No. 1:22-cv-00184-JAW, Order at 5, ECF No. 22 (D. Me. Aug. 12, 2024) (citing *Courthouse News Serv.*, 32 F.4th at 20) ("The present case is a civil *qui tam* action, therefore the First Amendment right of access does not apply.").

[4] The Government also suggests that the extension motions should remain under seal because the information in the motions and the governing principles are akin to information protected by and the principles that govern the attorney work product doctrine and the law enforcement or investigatory files privilege. The balancing test performed by courts under the common-law right of access, *see* discussion *infra*, necessarily addresses the concerns the privileges would address. The Court, therefore, need not determine whether the privileges apply. *But see Health Outcomes Tech.*, 349 F. Supp. 2d at 174 ("Because discovery is not at issue here, the work product doctrine is inapplicable."); *United States ex rel. Goodstein v. McLaren Reg'l Med. Ctr.*, No. 97-CV-72992-DT, 2001 WL 34091259, at *3 (E.D. Mich. Jan. 24, 2001); *cf. United States ex rel. Law Project for Psychiatric Rights v. Matsutani*, No. 3:09-cv-0080-TMB, 2010 WL 11515341, at *4 (D. Alaska Sept. 14, 2010) ("Some courts have held that the work product doctrine does not apply to materials filed prior to the Government's intervention decision in an FCA action because these materials are not technically being exchanged in discovery. However, courts have treated the FCA pre-intervention sealing procedure as being analogous to discovery, and the policies underlying the work product doctrine, suggest that its principles should apply beyond a technical interpretation of what constitutes 'discovery.'") (footnotes omitted).

> [d]istrict courts have denied requests to seal and unsealed documents that merely described "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business' or included 'no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like." . . . Applying these principles, courts have also taken into account whether the documents named witnesses, contained substantive details of an investigation, were based on dated information, lacked specificity, discussed ministerial discovery matters, were brief, or contained only cursory explanations for the extension sought. . . . Courts have kept under seal documents that might jeopardize future investigations, included substantive details the disclosure of which would result in harm, revealed Government strategy, or revealed attorney thought process.

*Powell*, 2022 WL 829497, at *5 (citations omitted) (quoting *Mikes*, 846 F. Supp. at 23) (collecting cases). Courts also weigh the extent to which the defendants need the documents. *See Mikes*, 846 F. Supp. at 23 (comparing FCA to Fed. R. Civ. P. 26(c) which calls for "pragmatic balancing of the need for and harm risked by[] disclosures sought."); *Health Outcomes Tech.*, 349 F. Supp. 2d at 174 ("[B]alancing defendants' interest in obtaining the information with the government's interest in continued confidentiality. . . ."); *United States v. Educ. Mgmt. LLC*, Nos. 2:07-cv-461, 2:07-cv-971, 2013 WL 4591317, at *2 (W.D. Pa. Aug. 28, 2013).

For the most part, the extension motions in this case consist of a general discussion of the investigation, which discussion would not necessarily reveal information that would jeopardize an ongoing investigation or disclose the Government's investigatory techniques, thought processes, strategies. *See, e.g.*, *United States ex rel. Yannacopolous v. General Dynamics*, 457 F. Supp. 2d 854, 859 (N.D. Ill. 2006) ("In FCA cases, it is appropriate to deny a motion to unseal a court file if unsealing would disclose confidential investigatory

6

techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties.") Additionally, given the length of time the documents were under seal, Defendants interest in the substance of the documents is not unreasonable. *See Educ. Mgmt. LLC*, 2013 WL 4591317, at *2 (finding that because government had ex parte communications with the court for "several years" it was "certainly understandable for [the plaintiff] to be interested in the nature of those interactions.").

The Court, however, recognizes that some of the information might warrant continued sealing and that depending on the issues in a case, the substance of the documents could be more significant than might be apparent from a plain reading of the documents. Before the Court decides whether to unseal a portion of or all the extension motions, the Court will provide the Government the opportunity to submit for the Court's in camera review the extension motions with the information the Government believes should remain under seal redacted. Upon review of the redacted documents, the Court will determine whether to maintain the seal of the redacted information or to order the unsealing of all the extension motions.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendants' motion and directs that the documents that appear on the docket at ECF Nos. 1, 3, 4, 5, 6, 8, 10, 12, 14, 17, 19, 20, 21, 22, 23, 24, 25, 27, 29, 31, 33, 34, 37, 39, 41, 43, 45, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 69, 70, 72, 74, 75, 76, 77, 78, 79, 81, and 83 shall be unsealed.

Additionally, the text of all docket entries shall be unsealed.[5] The documents that appear on the docket at ECF Nos. 7, 9, 11, 13, 15,[6] 16, 18, 26, 28, 30, 32, 36, 38, 40, 42, 44, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 71, 73, 80, and 82 shall remain sealed pending the Government's opportunity to propose redactions. On or before February 27, 2025, the Government shall submit the redacted documents to the Court for an in camera review.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of February, 2025.

---

[5] Because a party may object to this order in accordance with Federal Rule of Civil Procedure 72, the Clerk shall defer unsealing any of the sealed documents until after the expiration of the objection period, provided no objection is filed.

[6] The Government listed docket entry 15 as a ministerial motion that it agrees could be unsealed consented to and as an extension memorandum that it maintained should remain sealed. Although ECF No. 15 does not appear to the Court to be an extension memorandum, out of an abundance of caution, the Court includes it among the docket entries for which the Government may propose redactions.