UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. JANE ROLLINSON and<br>DANIEL GREGORIE,<br><br>      Plaintiff<br><br>v.<br><br>JOHNS HOPKINS MEDICAL<br>SERVICES CORPORATION, *et al.*,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:16-cv-00447-LEW<br>)<br>)<br>)<br>)<br>)  |

# **ORDER**

In this case, the United States of America seeks to recover alleged overpayments made to the Defendants between 2008 and 2012 under a federal health care program for military families. Intervenor Complaint (ECF No. 88) ¶ 2. The matter is before the Court on the Motion to Dismiss of Defendant Johns Hopkins Medical Services Corporation (ECF No. 138).

## **BACKGROUND**

The action was first instituted by relators, private parties who blew the whistle on the alleged overpayments. Complaint (ECF No. 2). In their Complaint, filed in August of 2016, the relators misnamed the Johns Hopkins Defendant, identifying it as "Johns Hopkins Medicine (Johns Hopkins University)." *Id.* More particularly, the relators identified the Johns Hopkins Defendant as:

> Johns Hopkins Medicine, a non-profit health care organization that is part of the Johns Hopkins University, [] one of the six USFHP[1] Designated Providers [] serv[ing] Maryland, Washington D.C., and areas of Pennsylvania, Delaware, and West Virginia[,] . . . incorporated in Maryland and headquartered at 733 North Broadway, Baltimore MD 21205.

*Id.* ¶ 30. In fact, the proper name of the Johns Hopkins Defendant is Johns Hopkins Medical Services Corporation.

Johns Hopkins Medicine is, essentially, a trademark term that the Johns Hopkins family of affiliated organizations use for public-facing purposes. *E.g.*, Mot. Ex. 1 (Johns Hopkins Medicine web content). On the Johns Hopkins Medicine web page, the history, mission, and components of the family of organizations are described, including reference to, among several other entities, the University, the Children's Center, and the Hospital. No mention is made of the Johns Hopkins Medical Services Corporation, though there is a suggestion that Johns Hopkins Medicine includes a "health system" that administers the U.S. Family Health Plan.

As is mandatory in actions filed under the False Claims Act, the relators filed their Complaint under seal and Defendants were not served for the duration of the seal. 31 U.S.C. § 3730(b)(2). The pleadings in this matter remained under seal for roughly seven-and-a-half years. The seal in a FCA case enables the United States to investigate the relator's allegations without notifying the defendant(s) of the claim and who instituted it. *See, e.g., State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 26, 34 (2016).

---

[1] Uniformed Services Family Health Plan.

While the seal was in place, the United States investigated the circumstances of the alleged overpayments made to Johns Hopkins under the USFHP. The investigation was known to Johns Hopkins Medicine through subpoenas and Department of Justice correspondence and, more importantly, was known to Johns Hopkins Medical Services Corporation, as early as the United States' service of subpoenas in April of 2017. *See* Confidentiality Agreement (excerpt), Response Ex. 8 (ECF No. 149-8). In a June 15, 2018, letter from its counsel, "Johns Hopkins" stated that "Johns Hopkins Medicine" was incorrectly named as a party, and advised the Department of Justice that it is the Johns Hopkins Medical Services Corporation that administers the relevant health care services. Letter from Brian T. O'Connor to Melissa Goforth-Koenig, Response Ex. 7 (ECF No. 149-7).

On March 12, 2024, more than ten years after the last alleged violation of the False Claims Act, the United States intervened in the case and filed its Intervenor Complaint (ECF No. 88). In the Intervenor Complaint, the United States properly identifies the Johns Hopkins Defendant as Johns Hopkins Medical Services Corporation.

## DISCUSSION

Johns Hopkins Medical Services Corporation ("Johns Hopkins") argues it is entitled to dismissal from the United States' USFHP-related FCA litigation by the operation of 31 U.S.C. § 3731 ("False claims procedure"), which in relevant part establishes a limitation period on FCA civil actions and further stipulates that a civil action may be brought "in no event more than 10 years after the date on which the violation is committed." *Id.* § 3731(b)(2). Johns Hopkins maintains that the 10-year line of demarcation guarantees

3

repose and that the line was crossed because the proper Johns Hopkins defendant was not accurately named in a pleading within 10 years of the last alleged FCA violation. Motion at 4-6.

The United States responds that regardless of whether the 10-year line is characterized as a statute of limitation or a statute of repose, Johns Hopkins was adequately named in the relators' Complaint and had notice that it was a target of the federal investigation within the otherwise applicable limitation window, and thus the Intervenor Complaint can take advantage of the relation-back rule found in the FCA and in Rule 15 of the Federal Rules of Civil Procedure. Response (ECF No. 149) at 6-18.

The FCA contains its own relation-back provision, which states:

> If the Government elects to intervene and proceed with an action brought under 3730(b), the Government may file its own complaint or amend the complaint of a person who has brought an action under section 3730(b) to clarify or add detail to the claims in which the Government is intervening and to add any additional claims with respect to which the Government contends it is entitled to relief. For statute of limitations purposes, any such Government pleading shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person.

31 U.S.C. § 3731(c) (footnote omitted).

Rule 15 also addresses when the filing date of an amended pleading will relate back to the filing date of an original pleading. In situations like this one, where the amended pleading is designed to cure a misnomer in the original complaint, the amended pleading must assert a claim or defense that arose out of the same events set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

4

Under both § 3731(c) and Rule 15, new allegations about previously unalleged conduct, transactions, or occurrences will not have the benefit of the relation-back rule.

The relation back requirements are met here. The United States has picked up the relators' case and proceeds now on the basis of the very same alleged errors, time period, and health program described in the relators' Complaint. The other requirement for relation back (required in Rule 15, but not in the FCA's relation-back provision[2]) depends on the provision of adequate notice to the renamed defendant. The amended pleading must be timely served and, within the period for service, provide "such notice of the action that [the proper party] will not be prejudiced in defending," while also conveying sufficient information for the proper party to understand "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). To the extent it applies, this requirement is functionally met in this case. Johns Hopkins (including Johns Hopkins Medical Services Corporation) received such notice of the investigation that its attorneys were able to understand which entity was the proper target and positively identified the proper entity of their own accord. Because the FCA imposed and the Court thereafter maintained an extended seal on the pleadings, service of the pleadings post-dated the notice received by Johns Hopkins. Following the

---

[2] Rule 15's notice standard is a curious standard to apply in the context of the FCA because both the original and the amended complaint will be maintained under seal, often for extended durations. As a consequence, there is no proper, advanced notice provided by the pleadings themselves in FCA cases. *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* 608 F.3d 871, 880 (D.C. Cir. 2010). In the FCA context, however, federal investigations of false claims often make the defendant cognizant of the prospect of an FCA action, as they did here. The advance notice provided is, in this sense, material to the present dispute, regardless of whether the defendant is also advised of the existence of a pending *qui tam* complaint. *See* Reply at 7 n.6.

5

lifting of the seal and service of the Intervenor Complaint, coupled with Johns Hopkins access to the docket, certainly Johns Hopkins would have appreciated that the relators' Complaint would have, long ago, named the Johns Hopkins Medical Services Corporation but for a mistake concerning the identity of the responsible Johns Hopkins entity.

Under the circumstances, which implicate and trigger the relation back provisions of both the FCA and Rule 15 and involve a mere misnomer[3] rather than a previously unknown, new defendant, the operative filing date for the Amended Complaint is the filing date of the relators' Complaint, August 30, 2016, well within the FCA's limitation period.[4]

---

[3] When it comes to relation back, misnomer scenarios are judged under a less demanding standard than scenarios involving an abject lack of knowledge of the proper defendant. *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994). Even when the wrong defendant is initially named and the limitations period has run, courts in this Circuit are generally not stingy when it comes to allowing amendments to properly identify the defendant, with relation back, where the defendant received adequate and timely notice. *See Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000) (applying Rule 15(c)(3) and advising courts "to ponder whether, in a counterfactual error-free world, the action would have been brought against the proper party, not whether the action should have been amended subsequently to include that party.").

[4] Johns Hopkins also argues that Rule 15 cannot aid the United States because the Rules Enabling Act provides that the Rules cannot abridge a substantive right to repose conveyed by the FCA. *See* 28 U.S.C. § 2072(b) (providing that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right."). Motion at 6-13; Reply at 6-10. This argument rests on the idea that the 10-year line in § 3731(b) is a statute of repose rather than a statute of limitation. This argument is unpersuasive in the present context because Congress's use of the phrase, "[f]or statute of limitations purposes" when affording the relation back rule in § 3731(c) is an unqualified reference to all of the limitation language used by Congress in the preceding subsection (b). Furthermore, nowhere in the FCA did Congress use the term "repose." *See Badaracco v. C.I.R.*, 464 U.S. 386, 391 (1984) ("Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." (quoting *E.I. Dupont de Nemours & Co. v. Davis,* 264 U.S. 456, 462 (1924))). Because § 3731(c) calls for relation back, Johns Hopkins' contention that the FCA gave it a substantive right to repose is not faithful to the language or structure of the FCA. It instead presumes that the Court's role is to draft rather than construe the statute, which is incorrect. *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 490 (2001).

Finally, Johns Hopkins presses for the dismissal of the United States' non-FCA, common law claims. That effort likewise fails, because the FCA provides the United States the discretion to include "additional claims" following its intervention, as well as for relation back, because the additional claims arise out of the same "conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person." 31 U.S.C. § 3731(c).

## Conclusion

Johns Hopkins Medical Services Corporation's Motion to Dismiss (ECF No. 138) is DENIED.

SO ORDERED.

Dated this 28th day of May, 2025

/s/ Lance E. Walker
Chief U.S. District Judge