UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES OF AMERICA )
ex rel. JANE ROLLINSON, *et al*., )
)
      Plaintiff )
)
      v. )    No. 2:16-cv-00447-LEW
)
BRIGHTON MARINE INC., *et al*., )
)
      Defendants )

## ORDER ON MOTION TO PREVENT RELATOR PARTICIPATION

In this case, the United States of America seeks to recover alleged overpayments made to the Defendants between 2008 and 2012 under a federal health care program for military families.  The case was initiated by Relators under the False Claims Act (FCA) in 2016.  The United States intervened in 2024.  Although the United States intervened and is the only party with active claims in the case, the Relators are still participating as litigants, as allowed under the FCA.  *See* 31 U.S.C. § 3730(c).

A contingent of the Defendants (hereafter "Movants") has filed a motion to oust Relators from the case, relying on the Appointments Clause, the Vesting Clause, and the Take Care Clause of Article II, Sections 1-3 of the U.S. Constitution.  According to the Movants, the FCA's *qui tam* provisions violate Article II because relators wield executive authority without being subject to presidential oversight.  Alternatively, the Movants rely on 31 U.S.C. § 3730(c)(2)(D), a subsection of the civil enforcement provision of the FCA that authorizes courts to impose limits on the participation of relators based on a showing

of harassment, undue burden, or unnecessary expense. *Defendants Brighton Marine, Inc., Martin's Point Health Care, Inc., PacMed Clinics, US Family Health Plan Alliance, and Christus Health's Motion to Prevent Relators from Litigating the United States' Claims* (ECF No. 250). The Motion is opposed by both the United States and the Relators. *United States' Opposition* (ECF No. 255); *Relators' Response* (ECF No. 256). The Movants have also filed supplementary briefs and exhibits, along with a request for leave to supplement. *Motion for Leave* (ECF No. 266); *Supplemental Brief in Support* (ECF No. 266-1).

Based on my review of the Motion, the Government's Opposition, the Relators' Response, and the Movants' Reply (ECF No. 262), and the supplemental briefs and exhibits, and the precedent cited therein—the great weight of which runs counter to the Motion—and for the reasons set forth by the United States and the Relators, I conclude that the law does not favor the Movants' Article II challenge and that, in any event, there is no reasonable prospect that Movants' would succeed with their challenge before the First Circuit Court of Appeals, given that no other circuit court of appeals has concluded that FCA relators are executive officers subject to the President's control under Article II. Additionally, I agree with the United States and the Relators that the Movants have not substantiated their request for relief pursuant to 31 U.S.C. § 3730(c). That said, I do not consider the Movants' Title II challenge to be specious, and it is not lost on me that the Relators' Response added little to the briefing of the United States. Additionally, the Court will consider reasonable prospective requests pertaining to discovery, summary judgment practice, and at the trial that are designed to manage the burdens associated with the Relators ongoing participation in this case as, ostensibly, separate parties. Moreover, I

have reviewed the Scheduling Order (ECF No. 252) issued by the United States Magistrate Judge, which assigns depositions, interrogatories, requests for production, and requests for admissions to Plaintiffs collectively, and not to Relators separately.  My impression is that the burdens of discovery set out in the Scheduling Order are reasonable and calibrated to the demands of this case, and that the participation of the Relators has not inflated the number of discovery initiatives available to Plaintiffs, which number is reasonable. Moving forward, should the Relators engage in discovery in a manner that the Defendants regard as harassing, unduly burdensome or unreasonably expensive, the parties will confer and, if a resolution cannot be mutually arrived at, they may request a judicial resolution of their dispute pursuant to District of Maine Local Rule 26.[1]

CONCLUSION

The Movants' Motion to Prevent Relators from Litigating the United States' Claims (ECF No. 250) is DENIED as to the Article II challenge and DENIED WITHOUT PREJUDICE as to the § 3730(c) challenge.  The Motion for Leave to File Supplemental Brief (ECF No. 266) is GRANTED.

SO ORDERED.

Dated this 17th day of June, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] In their Supplemental Brief, Movants complain about the burdensomeness of recent document requests, particularly given that the United States took several years to investigate this case and indicated in opposition to the current requests that the discovery it already obtained would not need to be duplicated. Since these are the United States' discovery initiatives, I do not see how they advance the request for relief under 31 U.S.C. § 3730(c).  It seems to me that Movants would be better served by challenging the requests as overly burdensome under Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26(c).