UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JANE ROLLINSON and DANIEL GREGORIE, | ) | |
| Plaintiffs | ) | |
| v. | ) | 2:16-cv-00447-LEW |
| BRIGHTON MARINE, INC., et al., | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUES**

On October 29, 2026, the Court conducted a videoconference with counsel to address certain discovery issues. For the reasons stated on the record, the Court finds and orders:

1. On or before November 6, 2026, Defendants Martin's Point, Brighton Marine, PacMed, and the USFHP Alliance shall provide the "hit reports" (by Defendant and custodian) for each term used to search for documents in response to Plaintiffs' request for documents.
2. On or before November 6, 2026, Defendant Brighton Marine shall file an appropriate motion in the bankruptcy court in which the adversary proceeding between Brighton Marine and Steward Health Care occurred to obtain leave to produce in discovery in this case the sealed documents that are responsive to Plaintiffs' request for production number 61. As to the responsive documents

that are not the subject of a seal order but were produced in the bankruptcy proceeding pursuant to a protective order, Brighton Marine shall produce the documents on or before November 13, 2026.

3. As to Plaintiffs' request for documents from custodians Daniel Wasneechak (Martin's Point) and Harvey Smith (PacMed), Defendants Martin's Point and PacMed shall produce the responsive documents on or before November 30, 2026.

4. Defendants are entitled to obtain information regarding the circumstances that resulted in Plaintiffs' inability to produce documents from one of Plaintiff Jane Rollinson's email accounts. The parties shall confer regarding the information that Plaintiffs shall produce. If the parties cannot agree on the production, the parties may seek a further conference with the Court.

5. On or before November 13, 2026, Plaintiffs shall provide a verified statement as to whether, prior to initiating this action, a government agency or employee, independent of an assessment of the documents produced by Defendants in connection with the government's investigation, made a calculation or calculations that reflected that the capitation rates paid to any of the defendants exceeded the statutory limit. For any such calculation, Plaintiffs shall state the name(s) of the individual(s) who made the calculation and the method of calculation, including the information used to make the calculation.

**NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of October, 2026.